DALY, RESPONDENT, *v.* MILEN ET AL., APPELLANTS.

[Submitted February 6, 1893. Decided January 15, 1894.]

JUDGMENT—*Special findings—Inconsistency.*—When the jury, in an action to enjoin the collection of a judgment, found specially that the note upon which such judgment was rendered had not been settled pending the suit, and that defendant had not agreed to dismiss such action, which findings were adopted by the court, a judgment for plaintiff will be reversed on appeal as inconsistent with and unauthorized by the findings.

*Appeal from Seventh Judicial District, Custer County.*

ACTION to enjoin collection of, and to vacate, a judgment. The cause was tried before MILBURN, J., who rendered judgment for plaintiff. Reversed.

*Middleton & Light,* for Appellant.

*T. H. Porter,* and *C. H. Loud,* for Respondent.

PEMBERTON, C. J.—The plaintiff alleges in his complaint that on the twentieth day of July, 1888, the defendant Milen began a suit in the district court of Custer county against him (plaintiff) to recover judgment on a promissory note given by plaintiff to said defendant, in the sum of five hundred and seventy-four dollars, with interest at twelve per cent from October 30, 1887; that summons was issued in said suit and served on plaintiff; that on the twenty-first day of May, 1889, and while said suit was still pending in said court, the plaintiff and said defendant had a settlement of all demands and accounts existing between them, including the amount and the note on which this said suit was brought; that thereupon, and in consideration of said settlement, said defendant Milen and his attorney agreed to dismiss said suit at the costs of said Milen, but that, instead of dismissing said suit, said defendant Milen's attorney, on the twenty-second day of May, 1889, caused and procured judgment to be entered in said court in said action in the sum of six hundred and seventy-nine dollars, with interest and costs, against this plaintiff, in violation of his rights and of the terms of said settlement; that said judgment was entered of record in said court, and still remains of record therein; that plaintiff had no knowledge of

said judgment having been obtained and entered, as aforesaid, until execution issued thereon was levied on his property by the sheriff; that defendant E. J. Jones is the sheriff; that said sheriff has levied said execution upon two thousand four hundred sheep belonging to plaintiff, and has taken them into his possession thereunder, and threatens to remove them, etc. Plaintiff therefore brings this suit, and asks judgment that the defendants be enjoined from taking and selling said property under said execution; that said execution and judgment of the district court be vacated, and declared null and void; that his property be restored; and for costs, etc. All the material allegations of the complaint are denied by the answer of the defendant. The case was tried by the court with a jury. A number of special findings of fact were submitted to the jury. These special findings of fact were made and returned in favor of the defendants. The jury also returned a general verdict in favor of the defendants. The plaintiff thereupon filed a motion to set aside the special findings of fact and the general verdict of the jury in favor of defendants, and for judgment in favor of the plaintiff. On the hearing of this motion the court set aside the general verdict of the jury, adopted the special findings of fact, and rendered judgment in favor of the plaintiff in accordance with the prayer of his complaint. From this judgment defendants appeal.

The main issue in the trial of this cause was this: Was the note on which judgment was rendered in the district court on the twenty-second day of May, 1889, in favor of defendant Milen, and against the plaintiff in this action, included in and settled in the settlement had between the said parties on the twenty-first day of May, 1889, as alleged in the complaint, and was it agreed at the time of said settlement that said suit should be dismissed by said defendant Milen? This issue was submitted to the jury in special findings Nos. 7 and 8. They found in favor of the defendants, as will be seen by the interrogatories Nos. 7 and 8, and the answers thereto, which are as follows:

"7. Was there ever any stipulation made or signed by the parties to this action, or their attorneys, to dismiss the action which was pending in this district court on the twenty-first

day of May, 1889, in which Milen was plaintiff, and Daly was defendant? Answer. No. Jesse Haston, Foreman.

"8. Was there any oral agreement May 21, 1889, to dismiss the case in the district court? Answer. No. Jesse Haston, Foreman."

The court approved and adopted these findings, as well as others, and included them in the judgment rendered in this case. To authorize the court to render a judgment vacating and restraining the enforcement of the judgment in controversy as null and void it was necessary that it should be shown and found as a fact that the note on which said judgment was rendered had been paid and settled in the settlement of May 21, 1889, between the parties to this suit. But the finding was the other way, both by the jury and the court. Before the court could hold the attacked judgment null and void, order it vacated, and enjoin its enforcement, it must have been shown, as a *sine qua non*, that it had been paid, or that the claim on which it was recovered had been paid before its rendition, as is the contention in this case.

The respondent moves this court to strike the evidence which accompanies the record therefrom, for the reason that it was not properly made a part of the record—that it was not made a part of the record within the time, or in the manner, provided by law. This same motion was made in the lower court, and was overruled *pro forma*. This motion was not proper in the lower court. If the evidence was not properly made a part of the record on appeal for any cause, the respondent had the right to have the record show this, with his objections, and the lower court to properly certify thereto. Then, when the case was filed in this court, his motion to strike out would have been proper, for the reasons shown in the record, and certified to by the trial court. But this is an appeal from the judgment. It is only necessary for the determination of this case to examine the judgment-roll, which is brought here by an appeal from the judgment. The findings of fact by the jury are a part of the judgment-roll (Code Civ. Proc., § 306), and the court adopts these findings, and incorporates them into judgment appealed from. We think the findings of fact so incorporated in the judgment are inconsistent with, and an-

tagonistical to, the judgment.    In truth, the findings of fact do not authorize or support the judgment.

The judgment is therefore reversed, and the cause remanded for a new trial.

*Reversed.*

Harwood and De Witt, JJ., concur.